

**United States District Court**
**Northern District of Alabama,**
**Western Division**

| | | |
|---|---|---|
| **Consolidated Distribution,** | ] | |
| | ] | |
| Plaintiff(s), | ] | |
| | ] | |
| vs. | ] | CV-99-N-3343-W |
| | ] | |
| **Greene County Housing Authority,** | ] | |
| | ] | |
| Defendant(s). | ] | |

**ENTERED**

JAN 0 4 2002

### Memorandum of Opinion

The above-styled action has a rather long (unnecessarily long, given the fact that the action is one for a simple breach of contract), strange history that dates back to May of 1997 in the District of Columbia. Rather than repeat this history here, however, the court will proceed to the matter at hand in an attempt to facilitate an ultimate outcome for the parties. On October 30, 2001, the parties agreed to defer resolution of the action to this court, based upon all written submissions received by the close of business, Wednesday December 12, 2001. (Doc. # 39). The bulk of the record developed thus far can be attributed to plaintiff, and essentially develops her theory of the case as one concerning a plaintiff, who is owed compensation from a defendant for work performed pursuant to an agreement into which the two entered on August 14, 1995.

On December 14, 2001, the court directed the parties to submit additional evidence limited to the effort to establish the place where the agreement was made. (Doc. # 44). The court received nothing from either party. That being the case, the court will decide the issue on the available evidence. Based upon a review of that evidence, the court finds that



the agreement was made and entered into in Eutaw, Alabama, on August 14, 1995.  (Doc. # 5, Affidavit of James Powell, Chairman of the Board of Directors for the Greene County Housing Authority; Doc. # 1, Ex. A).  Because the contract was made and entered into Alabama, the substantive law of Alabama applies to actions to enforce it. *See Furst & Thomas v. Sandlin*, 208 Ala. 490, 492 (1922); *see also American Nonwovens v. Non Wovens Eng'g, S.R.L.*, 648 So. 2d 565, 567 (Ala. 1994).

The plaintiff here is a corporation organized in a place other that the State of Alabama. Under Alabama law, a foreign corporation is not permitted access to the courts of Alabama in order to enforce its contracts that are executed in Alabama, unless it has properly qualified to do business in this state. *See Hays Corp. v. Bunge Corp.*, 777 So. 2d 62, 63-64 (Ala. 2000); *Ex parte Dial Kennels, Inc.*, 771 So. 2d 419, 425-26 (Ala. 1999); *see also* Ala. Const. of 1901, art. XII, § 232, *amended by* Ala. Const. of 1901, amend. 473; Ala. Code § 10-2B-15.02 (2000 Supp.).  The policy embodied by these so-called "door closing" laws may seem harsh, but it "is not an accidental part of the law of Alabama; it has been deliberately fashioned." *Hays Corp.*, 777 So. 2d at 64.  Exceptions to the rule do exist, however. If the contract is one that involves interstate commerce, or if the equities demand enforcement, an otherwise disqualified corporation may be heard to enforce its contracts. *See id.* at 64-65; *Dial Kennels*, 771 So. 2d at 425 n.3; *see also New Concept Indus. Inc. v. Green*, 646 F. Supp. 1077, 1078-79 (Ala. 1986).

The available record nowhere indicates any compliance by the plaintiff with Alabama law requiring it to qualify to do business in this state. The plaintiff contends, however, that the instant case is one in which the equitable exception should it to proceed. Citing its

2

complaint, the plaintiff observes that it raised both the equitable claim of quantum meruit as well as a breach of contract claim. (Doc. # 43).

Quantum meruit may well be a claim properly brought in equity. But the Supreme Court of Alabama has made clear that the policy embodied by the door-closing laws is not to be taken lightly and should be enforced where applicable. In the *Hays Corp.* case discussed *supra*, the court had before it, *inter alia*, a claim of quantum meruit. *See Hays Corp.*, 777 So. 2d at 63. The presence of this claim, however, was not sufficient to bar enforcement of the laws, and will not be so here. Based upon the record in the above-styled action, the court finds the plaintiff's claim is barred and will enter an appropriate order in favor of the defendant contemporaneously with this memorandum of opinion.

Done, this ___4th___ of January, 2002.

Edwin Nelson
United States District Judge

3